# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | ID No. 1805011554 |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | RK18-06-0371-01 |
| BRENT M. HARRIS, | ) | Tier 5 Poss (F) |
| | ) | |
| Defendant. | ) | |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief Pursuant to Superior Court Criminal Rule 61

Sean A. Motoyoshi, Esquire, Deputy Attorney General, Department of Justice, for the State of Delaware.

Brent M. Harris, *Pro se.*

FREUD, Commissioner
February 21, 2020

The defendant, Brent M. Harris ("Harris"), pled guilty on April 24, 2019 to one count of Tier 5 Possession, 16 *Del. C.* § 4752(3). He also faced one count of Tier 4 Drug Dealing, one count of Possession of Marijuana, one count of Possession of Drug Paraphernalia, one count of Following too Closely and one count of Failure to Signal which were nolle prossed by the State in exchange for Harris's plea. The State and Defense recommended a sentence of twenty-five years incarceration, suspended after serving two years minimum mandatory followed by one year of probation. The

Court agreed with the sentence recommendation and sentenced Harris accordingly. Had Harris gone to trial and been found guilty as charged he faced substantially more time in prison. Harris did not appeal his conviction or sentence to the State Supreme Court. Instead, Harris filed a Motion for Postconviction Relief on April 29, 2019 which he withdrew subsequently. Harris then filed the pending Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 on September 3, 2019, in which he alleges, in part, ineffective assistance of counsel.

## FACTS

According to the State's Response to the motion based upon the Affidavit of Probable Cause, the police report attached to the State's Reply and the Court's opinion following the Suppression Hearing, the following facts are noted:

> On May 18, 2018, members of the Governor's Task Force were conducting surveillance on Dante Ward ("Ward"). Ward was a known drug dealer and the police were conducting surveillance. The police observed Ward drive a black Chevrolet Tahoe bearing Delaware registration PC40582. They watched as he traveled from his residence at 109 Sweetgum Drive, Dover, Delaware and park at Walmart located at 26 Jerome Drive, Dover, Delaware. They observed Ward meet Harris in the parking lot. They observed Harris enter the passenger side of Ward's Tahoe for just a few minutes and then exit. They observed Harris get into a light blue Buick LeSabre bearing Maryland registration 7CL8447. They observed Harris exit his vehicle and reenter the passenger side of Ward's Tahoe. After just a few minutes, Harris exited the Tahoe and got into the driver's seat of the Buick LeSabre. The police saw Ward drive off in the Tahoe and then moments later saw Harris drive off in the LeSabre in a different direction. An officer followed Harris's LeSabre and called ahead to another officer who observed the LeSabre following dangerously close to an SUV. The LeSabre was less than

2

a car length behind the SUV and tapped his brakes several times as he closely followed the SUV. The officer observed the LeSabre swerving from side to side on the roadway as it followed the SUV. After the SUV made a left turn, the LeSabre passed along the right shoulder of the road and the officer conducted a traffic stop. Harris was the lone occupant. Upon making contact with Harris, the officer observed that the car remained in gear and was not placed in park. The officer detected the odor of fresh marijuana coming from the vehicle's interior and the officer observed a small marijuana cigarette on the floorboard by Harris's feet . Harris admitted to smoking marijuana earlier in the day and admitted there was marijuana in the center console. Harris attempted to conceal a bag of cocaine in his pants but upon questioning by the officer admitted it was cocaine. The cocaine was recovered from Harris's pants. The cocaine was collected, processed and logged into evidence. A forensic chemist at the Division of Forensic Science later tested the substance found in Harris's possession and determined it was 27.881 grams of cocaine.[1]

## HARRIS'S CONTENTIONS

In his motion, he raises the following grounds for relief:

Ground one: Ineffective Assistance of Counsel. Attorney failed to argue allegations of alleged traffic violation which petitioner was never cited for. No documentation to validate the stop.

Ground two: Brady violation. The State failed to disclose in it's Rule #16 that a Dante Ward was connected

---

[1] *State v. Harris*, Del. Super., I.D. No. 1805011554, D.I. 47.

3

to the defendant's case. Denying petitioner of an evidentiary hearing.

Ground three:    Tainted of Chain of Custody.

Drugs seized from the petitioner was used as probable cause to arrest Dante Ward. There was never any evidence presented that the petitioner purchased drugs from Dante Ward. The arresting officer, Cpl. Demalto omitted pertinent information from his police report pertaining to the investigation and surveillance of Dante Ward on April 18, 2018. Petitioner's allegation of Brady material which the State failed to disclose in regard to State v. Ward, ID nos. 1805011576, 1805011583 and 1805011632 was never explored by his attorney, Suzanne Mcpherson Johnson and she failed to provide the petitioner with the above information upon many requests. Petitioner alleged that this denied him the right to a fair trial. Petition was never provided with a Chain of Custody Report by his attorney as well. All information pertaining to State v. Ward will reveal that the petitioners' traffic stop on May 18, 2018 was a pretextual traffic stop which his attorney failed to raise. Cpl. Demalto's testimony at the petitioner's suppression hearing on April 8, 2019 will support his argument regarding his arrest that this was a pretextual traffic stop.

Attorney also failed to oppose the State's opposition to the State's

4

response to his motion to suppress...
which the State filed late.

## DISCUSSION

Under Delaware law, the Court must first determine whether Harris has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of the postconviction relief claims.[2] Under Rule 61, postconviction claims for relief must be brought within one year of the conviction becoming final.[3] Harris's motion was filed in a timely fashion, thus the bar of Rule 61(i)(1) does not apply to the motion. As this is Harris's initial motion for postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any claim not previously asserted in a postconviction motion, does not apply either.

Grounds for relief not asserted in the proceedings leading to judgment of conviction are thereafter barred unless the movant demonstrates: (1) cause for relief from the procedural default; and (2) prejudice from a violation of the movant's rights.[4] The bars to relief are inapplicable to a jurisdictional challenge or "to a claim that satisfies the pleading requirements of subparagraph (2)(i) or (2)(ii) of subdivision (d) of Rule 61.[5] To meet the requirements of Rule 61(d)(2) a defendant must plead with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was

---

[2] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).

[3] Super. Ct. Crim. R. 61(i)(1).

[4] Super. Ct. Crim. R. 61(i)(3).

[5] Super. Ct. Crim. R. 61(i)(5).

5

convicted[6] or that he pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United State or Delaware Supreme courts, applies to the defendant's case rendering the conviction invalid.[7] Harris's motion pleads neither requirement of Rule 61(d)(2).

None of Harris's claims were raised at the plea, sentencing or on direct appeal. Therefore, they are barred by Rule 61(i)(3), absent a demonstration of cause for the default and prejudice. To some extent each of Harris's claims are based on ineffective assistance of counsel; therefore, he has alleged cause for his failure to have raised them earlier.

At this point, Rule 61(i)(3) does not bar relief as to Harris's grounds for relief provided he demonstrates that his counsel was ineffective and that he was prejudiced by counsel's actions. To prevail on his claim of ineffective assistance of counsel, Harris must meet the two-prong test of *Strickland v. Washington.*[8] In the context of a guilty plea challenge, *Strickland* requires a defendant show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's actions were prejudicial to him in that there is a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on going to trial and that the result of a trial would have been his acquittal.[9] The failure to establish that a defendant would not have pled guilty and would have proceeded

---

[6] Super. Ct. Crim. R. 61(d)(2)(i).

[7] Super. Ct. Crim. R. 61(d)(2)(ii).

[8] 466 U.S. 668 (1984).

[9] *Id.* at 687.

to trial is sufficient cause for denial of relief.[10] In addition, Delaware courts have consistently held that in setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[11] When examining the representation of counsel pursuant to the first prong of the *Strickland* test, there is a strong presumption that counsel's conduct was professionally reasonable.[12] This standard is highly demanding.[13] *Strickland* mandates that, when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of hindsight."[14]

Following a complete review of the record in this matter, it is abundantly clear that Harris has failed to allege any facts sufficient to substantiate his claim that his attorney was ineffective. I find trial counsel's affidavit, in conjunction with the record, more credible that Harris's self-serving claims that his counsel's representation was ineffective. Harris's counsel denies the allegations.

Harris was facing the possibility of substantial time in prison had he been convicted on all the charges. The sentence and plea were very reasonable under all the circumstances, especially in light of the evidence against him including his admission to possession of cocaine. Prior to the entry of the plea, Harris and his

---

[10] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997)(citing *Albury v. State*, 551 A.2d 53, 60 (Del. 1988))(citations omitted).

[11] *See e.g.*, *Outten v. State*, 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.)).

[12] *Albury*, 551 A.2d at 59 (citing *Strickland*, 466 U.S. at 689).

[13] *Flamer v. State*, 585 A.2d 736, 754 (Del. 1990)(quoting *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986)).

[14] *Strickland*, 466 U.S. at 689.

7

attorney discussed the case. The plea bargain was clearly advantageous to Harris. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Harris entered his guilty plea, he stated he was satisfied with defense counsel's performance. He also admitted his guilt.[15] He is bound by his statement unless he presents clear and convincing evidence to the contrary.[16] Consequently, Harris has failed to establish that his counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo*, that counsel's representation of Harris was somehow deficient, Harris must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk dismissal.[17] In an attempt to show prejudice, Harris simply asserts that his counsel was ineffective. His statements are insufficient to establish prejudice, particularly in light of the evidence against him. Therefore, I find Harris's grounds for relief meritless.

To the extent that Harris alleges his plea was involuntary, the record contradicts such an allegation. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to a plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[18] At the

---

[15] *State v. Harris*, Del. Super., I.D. No. 1805011554, (April 24, 2019), Tr. at 6.

[16] *Mapp v. State*, 1994 WL 91264, at *2 (Del.Supr.)(citing *Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994)).

[17] *Larson v. State*, 1995 WL 389718, at *2 (Del. Supr.)(citing *Younger*, 580 A.2d 552, 556 (Del. 1990)).

[18] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

guilty-plea hearing, the Court asked Harris whether he understood the nature of the charges, the consequences of his pleading guilty, and whether he was voluntarily pleading guilty. The Court asked Harris if he understood he would waive his constitutional rights if he pled guilty including the right to suppress evidence; if he understood each of the constitutional rights listed on the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"); and whether he gave truthful answers to all the questions on the form. The Court asked Harris if he had discussed the guilty plea and its consequences fully with his attorney. The Court asked Harris if he was entering into the plea because he was guilty of the charge. The Court also asked Harris if he was satisfied with this counsel's representation. Harris answered each of these questions affirmatively.[19]

Furthermore, prior to entering his guilty plea, Harris signed a Guilty Plea Form and Plea Agreement in his own handwriting. Harris's signatures on the forms indicate that he understood the constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charges listed in the Plea Agreement. Harris is bound by the statements he made on the signed Guilty Plea Form, unless he proves otherwise by clear and convincing evidence.[20] I confidently find that Harris entered his guilty plea knowingly and voluntarily and that Harris's grounds for relief are completely meritless.

## CONCLUSION

I find that Harris's counsel represented him in a competent and effective manner and that Harris has failed to demonstrate any prejudice stemming from the

---

[19] *State v. Harris*, Del. Super., ID No. 1805011554 (April 24, 2019) Tr. at 1-7.

[20] *Sommerville* 703 A.2d at 632.

representation. I also find that Harris's guilty plea was entered knowingly and voluntarily. I recommend that the Court *deny* Harris's motion for postconviction relief as procedurally barred and completely meritless pursuant to Superior Court Criminal Rule 61(i)(3) and (4).

/s/ Andrea M. Freud
Commissioner

AMF/dsc